Law Office of
J. Gregory Lockwood, PLLC
1903 W. Garland Ave.   # 9148
Spokane WA 99205-9148
Telephone: (509) 624-8200
jgregorylockwood@hotmail.com

Honorable Alexander C Ekstrom

## UNITED STATES DISTRICT COURT,
### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOSE ANTONIO GUZMAN-GARCIA,<br>                    Defendant. | NO. ` 4:24-CR-06031-MKD (2)<br><br>DEFENDANT'S MOTION FOR IMMEDIATE RELEASE  FROM PRETRIAL DETENTION WITH CONDITIONS<br><br>**Hearing:  1/14/2025 @ 10:00 a.m.,<br>          in Richland, Washington** |

Defendant JOSE ANTONIO GUZMAN-GARCIA, by his attorney, J. Gregory Lockwood, respectfully requests that this Court order his release from custody pursuant to the Bail Reform Act (BRA) and the Fifth Amendment's Due Process Clause. A hearing for pre-trial detention is governed by the Bail Reform Act of 1984 – 18 USC 3142.

It is recognized that detention hearings are an informal proceeding, and the evidence presented is not governed by the Federal Rules of Evidence." *United*

*States v. Duncan*, 897 F. Supp. 688, 690 (N.D.N.Y. 1988); 18 U.S.C. § 3142(f)(2). As such the parties may proceed in a detention hearing by way of proffer. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986).

Here, 18 U.S.C. § 3142(e), contains a rebuttable presumption that "no condition or combination of conditions" will (1) "reasonably assure" the safety of any other person and the community if the defendant is released; or (2) "reasonably assure" the appearance of the defendant as required *and* (3) "reasonably assure" the safety of any other person and the community if the defendant is released.

In a pretrial detention hearing, the government has the initial burden to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985). Here, the issue in such a hearing is whether releasing a defendant would pose a danger to the community that would not exist were Mr. Guzman-Garcia is detained. *United States v. Phillips*, 732 F. Supp. 255, 267 (D.Mass. 1990), *reh'g denied*, 952 F.2d 591 (1st Cir.), *cert. denied*, 113 S.Ct. 113 (1992), As to the issue of risk of flight the standard is different. Regarding this issue the government need only prove that there are no such conditions by a "preponderance of the evidence. *United States v. Martir*, 782 F.2d 1141, 1146 (2d Cir. 1986)); 18 U.S.C. § 3142(c).

The government's burden is only to prove either a flight risk or a danger to the community to warrant detention. *United States v. Flores*, 856 F. Supp. 1400, 1401 (E.D.Cal. 1994). However, Mr. Guzman-Garcia only bears a limited burden of production, not a burden of persuasion. Even in a presumption case as here, the government retains the ultimate burden of persuasion. *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001); also see *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

If as in this case the presumption is invoked, very little is required by Mr. Guzman-Garcia who need only present some credible evidence to show he is not a flight risk or danger to community. *United States v. Perry,* 788 F.2d 100 (3d Cir. 1986); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

Some of the factors the court may consider:

1.     Nature and seriousness of offense – Mr. Guzman-Garcia has been charged with conspiracy and possession with intent to distribute Fentanyl. There is no allegation of violence or firearms in conjunction with these charges.

2.     History/characteristics of defendant – Mr. Guzman-Garcia is 46 years old and was born in Mexico but has lived in the United States since 2009.  He has no criminal history except for a deportation back to Mexico. He has worked and has been law

abiding in this country for 15 years. Mr. Guzman-Garcia went as far as forming a Limited Liability Company (LLC) with the State of Washington under the name Garcia's Masonry LLC. This company has operated in the Tri-cities area.

Mr. Guzman-Garcia has been in a long time relationship with Ms. Mayra Ozuna and they have a 4 year old daughter (Aliana). Both Ms. Mayra Ozuna and their daughter reside in Prosser, Washington.

Mr. Guzman-Garcia has three sisters who all reside in the Tri-Cities area. Both of his parents have passed away;

Mr. Guzman-Garcia has a very close relationship with his sisters, Ms. Ozuna and their daughter,

3.    Criminal history – Mr. Guzman-Garcia has no prior criminal history;

4.    History of court appearances/probation record – Mr. Guzman-

5.    Garcia has no history of failing to appear for any court hearing;

6.    Community ties - Mr. Guzman-Garcia has been in the United States for 15 years and is a long term relationship with Mayra Ozuna and they have a 4 year old daughter (Aliana). Mr. Guzman-Garcia has three sisters and cousins who all live in the Tri-Cities area. Mr.

Guzman-Garcia has no ties to Mexico except for an older brother who resided in Mexico; and

7.    .Employment – Mr. Guzman-Garcia has worked and established himself in the area as a mason. Under his business name of Garcia's Masonry LLC.

Mr. Guzman-Garcia submits his pretrial release plan as follows:

Mr. Guzman-Garcia will reside with his sister Mrs. Karla Walter and her husband Jared at their residence in Kennewick, Washington located at 2012 W. 12th Ave, Kennewick, Washington 99337.  Mr. Guzman-Garcia will continue to work while keeping the United States Probation informed of his jobs. Additional conditions such as electronic monitoring can be imposed if the court deems necessary.

Mr. Guzman-Garcia believes the courts' standard conditions for release together with drug testing would be sufficient in this case. Further, Mr. Guzman – Garcia intends to turn over any passport to United States Probation prior to release.

It should be noted that courts have found that a Defendant's promise to appear with a reasonable pretrial plan is sufficient to rebut the presumption. *United States v. Walters*, 89 F. Supp. 2d 1217, 1219-22 (D. Kan. 2000)

Further, the court in making its determination must reject the government's argument that implies guilt as it is strictly prohibited by the Bail Reform Act. 18

U.S.C. § 3142(j).  And that the "weight of the evidence is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). And, even in a presumption case as here, the Bail Reform Act contains a  least restrictive conditions requirement." 18 U.S.C. § 3142(c)(1).

It is respectfully requested that the court after considering the above Defendant's proofer that the court grant Mr. Guzman-Garcia's motion for release and order the "least restrictive conditions requirement" of 18 U.S.C. § 3142(c)(1).

Dated this 11th day of December 2024

*// J. Gregory Lockwood_____*
J. Gregory Lockwood,
WSBA No. 20629
Attorney for Mr. Guzman-Garcia

CERTIFICATE OF SERVICE

I, J. Gregory Lockwood, hereby certify that on December 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Lisa C Cartier-Girouz Assistant United States Attorney, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

Dated this 11th day of December, 2024

/s/ *J. Gregory Lockwood*
J. GREGORY LOCKWOOD,
Law Office of J. Gregory Lockwood
1903 W. Garland Ave.  # 9148
Spokane WA 99205-9148
Telephone: (509) 624-8200
jgregorylockwood@hotmail.com

DEFENDANT'S MOTION FOR IMMEDIATE
RELEASE FROM PRETRIAL DETENTION
WITH CONDITIONS 7 of 7