Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Lisa C Cartier Giroux
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE ANTONIO GUZMAN-GARCIA <br><br> Defendants. | 4:24-cr-06031-MKD-2 <br><br> United States' Memorandum of Law and Proffer of Evidence Opposing Defendant's Motion for Immediate Release from Pretrial Detention with Conditions <br><br> Hearing: January 14, 2025 at 10 am in Richland, WA |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Lisa C. Cartier Giroux, Assistant United States Attorney for the Eastern District of Washington, hereby submits the following opposition in response to Defendant's Motion for Immediate Release from Pretrial Detention with Conditions[1].

---

[1] ECF No. 39.

United States' Memorandum of Law and Proffer of Evidence Opposing Defendant's Motion for Immediate Release from Pretrial Detention with Conditions - 1

Background

On November 7, 2024, a federal grand jury indicted the defendant for *Conspiracy to Distribute Fentanyl and Cocaine*, in violation of 21 U.S.C. §846 and *Possession with Intent to Distribute 400 Grams or More of Fentanyl*, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(vi) and 18 U.S.C. §2[2].

Legal Standard

Under the Bail Reform Act (BRA), the government may move for detention pending trial in cases involving "an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act…" 18 U.S.C. § 3142(f)(1)(C). Here, the Indictment charges the defendant with offenses which carry a maximum sentence of up to life in prison. The charges thus satisfy that gatekeeping provision of the BRA and allow the United States to seek his detention.

At the detention hearing, "[t]he judicial officer shall … determine whether any condition or combination of conditions … will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). "The rules concerning admissibility of

---

[2] ECF No. 24.

evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." *Id.*

Importantly, "[i]t shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed … an offense prescribed in the Controlled Substance Act (21 U.S.C. § 801 et seq.)"[3]. Because the Indictment charges the defendant with violations of the Controlled Substances Act, the presumption applies to him.

The controlled substance-offender presumption flows from the probable cause established by the indictment[4]. Upon motion of the United States to invoke the presumption, courts presume detention is necessary pursuant to 18 U.S.C. § 3142(e)(3)(A). If a defendant proffers evidence to rebut that presumption, the United States assumes the burden of persuading the court that detention is necessary[5]. To rebut the detention presumption, a defendant "must produce only 'some evidence' that he is not a flight risk and does not pose a danger to the

---

[3] 18 U.S.C. § 3142(e)(3)(A).
[4] *See United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).
[5] *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

United States' Memorandum of Law and Proffer of Evidence Opposing Defendant's Motion for Immediate Release from Pretrial Detention with Conditions - 3

community"[6]. While a defendant has the burden of production of information tending to show he will not pose a danger to the community or a flight risk, the United States retains the burden of persuasion[7]. A finding that a person presents a danger to the community must be proved by clear and convincing evidence and a showing of risk of flight requires a preponderance of the evidence[8]. Even when rebutted, the presumption against release remains and should be considered along with all other relevant factors[9].

In determining whether defendant poses an unreasonable risk of flight or danger to another person, the following factors must be considered: (1) "the nature and circumstances of the offense charged"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release".[10]

## Nature of the Offenses

A grand jury determined that there was probable cause to charge the defendant with controlled substance offenses, both carrying a 10-year mandatory

---

[6] *United States v. Clark*, 791 F. Supp. 259, 260 (E.D. Wash. 1992) (quoting *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991)).
[7] *Id.* at 260.
[8] *United States v. Motamedi*, 767 F.2d 1403, 1406-1407 (9th Cir. 1985).
[9] *Hir*, 517 F.3d at 1086.
[10] 18 U.S.C. § 3142(g).

minimum and a maximum of life in prison. The defendant faces a presumption that he is a danger to the community and that he is a flight risk. The nature of the offenses charged are extremely serious. As part of the conspiracy charged, the defendant is alleged to have delivered approximate 1000 illicit fentanyl pills[11] to a confidential informant (CI) on November 1, 2024, and then was stopped in his vehicle on November 2, 2024 with an additional approximately 20000 illicit fentanyl pills[12] to deliver. Also in his vehicle was his four-year-old daughter seated in her car seat. The two packages containing the approximately 20000 illicit fentanyl pills were located underneath the four-year old's car seat. Post-*Miranda*, in addition to admitting to working with his co-defendant and co-conspirator, Gonzalez-Rodriguez, in distributing large amounts of controlled substances, including his intent to deliver the 20, 000 illicit fentanyl pills, he admitted to delivering a kilogram-quantity of cocaine to Gonzalez-Rodriguez. Approximately 500 grams of a white substance that tested presumptively positive for cocaine[13] was subsequently located during a search of Gonzalez-Rodriguez's home.

…

…

---

[11] DEA Lab confirmation is pending.
[12] DEA Lab confirmation is pending.
[13] DEA Lab confirmation is pending.

United States' Memorandum of Law and Proffer of Evidence Opposing Defendant's Motion for Immediate Release from Pretrial Detention with Conditions - 5

Weight of the Evidence

While other circuits have not made a distinction between the factor of weight of the evidence against a defendant and the other factors, the Ninth Circuit dictates that it is the least important factor[14]. The evidence here is both compelling and strong. The defendant delivered approximately 1000 illicit fentanyl to the CI and approximately 20000 more were subsequently located in his car for distribution. Recordings, text messages, and surveillance provide corroboration of witness testimony. Additionally, the defendant admitted that he was going to deliver the approximately 20000 illicit fentanyl pills located in his car.  This factor weighs in favor of detention.

History and Characteristics of the Defendant

While the defendant does not have criminal convictions, he has had notable contact with law enforcement. In 2009, the defendant presented a photo altered false citizenship document. In lieu of removal, he voluntarily returned to his home country of Mexico. According to the facts alleged in defense's motion, the defendant has been in the United States for 15 years[15]. If those facts asserted by the defendant are true, he did not abide by the order to return to Mexico and not re-enter the United States without proper documentation, instead upon returning to

---

[14] *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).
[15] ECF No. 39 at 3, ln. 18-19.

United States' Memorandum of Law and Proffer of Evidence Opposing Defendant's Motion for Immediate Release from Pretrial Detention with Conditions - 6

Mexico, he immediately illegally re-entered the United States. The fact that he has used false identity documents in the past (and has knowledge of accessing said documents), as well as his failure to abide by the condition of the voluntary removal order, demonstrate his willingness to commit fraud or disobey the laws of the United States. The defendant has also used multiple aliases and various dates of birth and social security numbers. Additionally, very recently, the defendant brought his four-year-old child along with him during his drug trafficking activities, activities which are inherently dangerous. Not only was she present in the car when he was going to deliver the fentanyl, he secreted this very deadly controlled substance under the car seat in which she was seated. This factor weighs in favor of detention.

<u>The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Defendant's Release</u>

The defendant's history and characteristics show that he represents a danger to the community. In addition to injecting dangerous and illegal controlled substances into the Spokane community as reflected in the charges, he involved a very young child in his trafficking activities, exposing that child to potential violence in the event the drug deal went south and exposure to a very toxic and dangerous drug that can cause death and has caused death to very young children who have come into contact with it. This factor weighs in favor of detention.

United States' Memorandum of Law and Proffer of Evidence Opposing Defendant's Motion for Immediate Release from Pretrial Detention with Conditions - 7

<u>Risk of Flight</u>

While sitting on the U.S. Court of Appeals for the First Circuit, then-Judge Breyer observed that leading up to the Bail Reform Act, Congress investigated a general problem of drug offenders and flight. After hearing evidence, "Congress concluded that 'flight to avoid prosecution is particularly high among persons charged with major drug offenses.'"[16] Congress also found that "drug traffickers often have established ties outside the United States … [and] have both the resources and foreign contacts to escape to other countries."[17] Congress then wrote its drug-offender-flight provision into the Bail Reform Act. "These facts suggest that Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found. [They] should then still keep in mind … that Congress has found that drug offenders pose special risks of flight."[18] Because the defendant was charged with a drug- trafficking crimes, he "pose[s] a special risk of flight."[19]

Investigators in this matter have a good faith basis to believe that the source of the fentanyl possessed by the defendant to distribute is in Mexico. While the

---

[16] *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985) (quoting S. Rep. No. 98–225), abrogated on other grounds by *United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990).
[17] *Id.*
[18] *Id.*
[19] *Id.*

United States' Memorandum of Law and Proffer of Evidence Opposing Defendant's Motion for Immediate Release from Pretrial Detention with Conditions - 8

defendant has family in the Eastern District of Washington based on the letters presented by him, he is a citizen of another country, specifically Mexico, a place where he can easily flee to avoid the potential significant penalties if convicted in this district. It is the United States' position that there is a heightened risk of flight in this matter.

## Conclusion

To attempt to rebut the presumption, the defendant suggests that his community ties, employment, and/or lack of criminal history reduces or eliminates the risk of flight or the danger to the community. However, "[t]o say [a person] will not engage in drug trafficking because they are employed or have substantial roots in the community is *non sequitur*. The grand jury has found that they engaged in … drug dealing despite those roots, thereby establishing the irrelevance of those roots"[20]. The Court should continue to detain the defendant pending trial. He is a danger to the community, and he is a risk of flight from trial. There are no conditions or combination of conditions of release that will insure he returns to court or trial or protects the community from his dangerousness.

DATED this 18th day of December 2024.

                                                  Vanessa R. Waldref
                                                  United States Attorney

---

[20] *United States v. McDonald*, 238 F. Supp. 2d 182, 187 (D.D.C. 2002).

United States' Memorandum of Law and Proffer of Evidence Opposing Defendant's Motion for Immediate Release from Pretrial Detention with Conditions - 9

                    *s/Lisa C Cartier Giroux*
                    Lisa C Cartier Giroux
                    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

                    *s/Lisa C Cartier Giroux*
                    Lisa C. Cartier Giroux
                    Assistant United States Attorney